J-S26003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EARNEST LEE JONES II | : | |
| | : | |
| Appellant | : | No. 1386 MDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021,
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0002599-2017.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED:  SEPTEMBER 2, 2022**

Earnest Lee Jones, II appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] after a jury convicted him of aggravated assault and strangulation.  We affirm.

The pertinent facts have been summarized as follows:

> [The Complainant] and [Jones] began dating in late December 2016.  They lived together at 418 Salem Avenue in York City.  Both [of them] were named on the lease. [Jones] was also dating a second woman, Dawn Stehler, [whom] he moved into the apartment that he shared with [the Complainant].
>
> On March 26, 2017, [Jones], [the Complainant], and [Stehler], went to a gathering at [Jones'] aunt's house in Lancaster.  When they came home [the Complainant] said

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

something to [Jones] and he became irate. [Jones] then attacked [the Complainant]. The assault began with [Jones] punching [the Complainant] in the face repeatedly. He then dragged her by her hair across the apartment, from the living room to the bathroom.

Once in the bathroom, [Jones] strangled [the Complainant]. He applied so much pressure to her throat that she lost consciousness and urinated on herself. When she regained consciousness [Jones] resumed punching her. He then strangled her a second time; she did not lose consciousness the second time. [Jones] eventually stopped and [the Complainant] was able to go to bed.

However, the fight did not end at that point. [Jones] then began threatening [the Complainant]. He held a pair of scissors up to her throat and told her that he was going to kill her. By the time [Jones'] attack was finished, [the Complainant] was left with bruises all over her body.

Throughout this ordeal, [the Complainant] felt that she was unable to leave the apartment because of the actions of [Jones] and [Stehler]. She was finally able to leave the next morning, March 27, 2017. [The Complainant] first attempted to file for a Protection From Abuse Order at the York County Courthouse. However, she was allegedly told by the clerk that she needed to go to the hospital because of her injuries.

PCRA Court Opinion, 12/23/21, at 1-2 (footnotes omitted).

Police arrested Jones the next day. On April 19, 2017, Jones' preliminary hearing was held. Kate Landis, Esquire, of the York County's Public Defender's Office, represented him. Prior to the hearing, Attorney Landis informed Jones that his co-defendant had waived her preliminary hearing. The hearing then proceeded and the Complainant was the only witness to testify. Attorney Landis cross-examined her. Jones was formally

arraigned on May 26, 2017. At that time, he was represented by a different public defender.

In November 2017, Jones petitioned for new counsel. The trial court granted Jones' request, and new counsel was appointed on December 8, 2017. Due to the appointment of new counsel, the trial court granted Jones' request for a continuance, and scheduled Jones' trial for May of 2018. Before trial commenced, the Complainant died of an unrelated drug overdose. On May 2, 2018, the Commonwealth filed a motion *in limine* to declare the Complainant unavailable and to admit her preliminary hearing testimony as evidence at trial. The trial court granted the motion. On May 15, 2018, Jones filed a motion for reconsideration of the Common's motion *in limine*, which the trial court denied.

Jones' jury trial commenced on October 30, 2018. As its first witness, the Commonwealth presented the Complainant's preliminary hearing testimony. The PCRA court summarized the remaining evidence pertinent to this appeal as follows:

> [The Complainant] was seen at York Hospital on March 27, [2017] by forensic nurse Patti O'Brien. Nurse O'Brien was qualified as an expert witness in the field of forensic nursing during trial. Nurse O'Brien's testimony regarding [the Complainant's] injuries was extensive. Ultimately, Nurse O'Brien testified that [the Complainant's] injuries were consistent with being hit, punched, strangled, and pulled by her hair.
>
> [Jones] gave his own version of how [the Complainant] obtained the bruises that were visible in Nurse O'Brien's photos. His explanation was that the bruises were self-inflicted; [the Complainant] had caused the bruising herself

- 3 -

> when she tried to find a vein in her neck that she could inject
> heroin into.  This explanation was rejected by Nurse O'Brien.

PCRA Court Opinion, 12/23/21, at 2-3 (footnotes omitted).

After the jury informed the trial court that they were deadlocked, the court and parties agreed to send them home for the evening.  The next day, November 1, 2018, the trial court provided further guidance to the jury regarding their deliberations and answered their questions it had previously received.  Thereafter, the jury found Jones guilty of aggravated assault and strangulation.

On December 19, 2018, the trial court sentenced Jones to an aggregate term of ten to twenty years of imprisonment.  Jones appealed to this Court. On November 26, 2019, we affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on April 29, 2020. ***Commonwealth v. Jones***, 224 A.3d 797 (Pa. Super. 2019) (non-precedential decision, *appeal denied*, 230 A.3d 1021 (Pa. 2020).

On April 16, 2021, Jones filed a *pro se* PCRA petition in which he raised twenty-two issues.  Thereafter, the PCRA court appointed counsel.  After being granted several extensions, PCRA counsel filed an amended PCRA petition on September 7, 2021.  In this filing, PCRA counsel stated that he "and Jones have reviewed [Jones' twenty-two issues] and it is agreed that" four of them "are boilerplate legal allegations and do not constitute factual-legal issues of merit."  Amended Petition, 9/7/21, ¶ 13.  PCRA counsel then incorporated all of Jones' remaining issues and added one more—that Attorney Landis was

ineffective for failing to meet with him and advise him of his right to waive his preliminary hearing.

On September 21, 2021, PCRA counsel filed a second amended petition. In this filing, PCRA counsel stated that, after filing Jones' amended petition, the Commonwealth brought to his attention this Court's decision in **Commonwealth v. Johnson**, 179 A.3d 1153 (Pa. Super. 2018). **See** Second Amended Petition, 9/21/21, at ¶ 17. In **Johnson**, we concluded that PCRA counsel's mere incorporation of issues raised in a *pro se* PCRA petition into counsel's amended petition amounts to hybrid representation and results in waiver when counsel fails to discuss these claims further. **Id.** at 1157. According to **Johnson**, "It is incumbent upon counsel to examine the merits of the *pro se* claims and determine whether those issues are worth pursuing in an amended petition"). **Id.** PCRA counsel further stated that he had met "with [Jones] again and reviewed and narrowed the issues that he raised to seven claims of trial counsel's ineffectiveness." Second Amended Petition, 9/21/21, at ¶ 18.

That same day, the PCRA court held an evidentiary hearing. Jones, Attorney Landis, and trial counsel testified. By order entered September 29, 2021, the PCRA court denied Jones' second amended PCRA petition. This appeal followed. Both Jones and the PCRA court have complied with Pa.R.A.P. 1925.

Jones raises the following two issues:

A. Whether prior preliminary hearing counsel, [Attorney Landis], was ineffective for failing to meet with [Jones], and explain and advise [him] of his right to waive the preliminary hearing, and advise of the advantages and disadvantages of waiving the preliminary hearing, particularly involving a domestic violence case prior to the time of the preliminary hearing?

B. Whether trial counsel was ineffective for failing to properly object to and preserve an objection to the Commonwealth's expert witness, [Nurse] O'Brien, providing expert testimony outside of her qualified area of expertise as a safe nurse when she testified that blood blisters found in the ear of the [Complainant] were caused by strangulation and not be some alternative means?

Jones' Brief at 4 (excess capitalization omitted). As to the second issue, PCRA counsel asserts that he was "unable to find sufficient facts in the record to support this argument and is abandoning this claim based upon the conclusion that there is no merit." **Id.**[2]

_____

[2] Citing **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), Jones has filed a petition asking this Court to remand this appeal so that he can address PCRA counsel's alleged ineffectiveness and seek his withdrawal based upon his failure "to reiterate meritorious claims" from his *pro se* PCRA petition. Application for Remand, 6/30/22, at ¶ 3. As detailed *supra*, PCRA counsel interacted with Jones and they mutually agreed to narrow the issues. Moreover, our review of the PCRA hearing transcript refutes Jones' claim that PCRA counsel "partially addressed only 2 (two) of said [issues] at the [hearing] and actually solicited testimony that appeared to go against [Jones'] claims. **Id.** at ¶ 4.

After careful consideration of Jones application and PCRA counsel's averments in his amended petitions, we conclude that PCRA court fully complied with this Court's directives in **Johnson**, **supra**. We therefore deny Jones' application for remand.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Jones' issue challenges the effectiveness of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her

action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

In support of his first issue, Jones asserts that Attorney Landis was ineffective "for not discussing and advising" him of "his right to waive his preliminary hearing, for which the transcribed testimony was used to substitute for the testimony of the deceased [Complainant] at trial in this matter." Jones' Brief at 18. He further contends that Attorney Landis had no reasonable basis for failing to inform him of his ability to waive his preliminary hearing. *Id.* Finally, Jones claims that he was prejudiced because the "preliminary hearing transcript testimony of the [Complainant] as the only evidence identifying [him] as the perpetrator of any conduct the constituted the offenses of aggravated assault or strangulation." ***Id.*** (excess capitalization omitted).

Although the PCRA court only needed to find that Jones failed to meet one of the prongs of the three-part ineffectiveness test, the court found that Jones failed to meet all three. First, the court explained why Jones' claim lacked arguable merit:

> [Jones] was transported from prison to the preliminary hearing, and although [Jones] had not previously spoken with Attorney Landis regarding his case, [they] had the opportunity to meet in a side room to discuss any matters of concern before the start of the preliminary hearing.

During [Jones] and Attorney Landis' meeting prior to the preliminary hearing, Attorney Landis informed [Jones] that [his] co-defendant, [Stehler] waived her preliminary hearing, and thus [Jones] was made aware that the preliminary hearing could be waived. Additionally, because prior to the present case at issue, [Jones] had previously been before a [magisterial district judge] in the state of Pennsylvania for a preliminary hearing and was on state parole at the time of the April 19, 2017 preliminary hearing this court finds that [Jones] had knowledge of the purpose of a preliminary hearing and was familiar with the preliminary hearing process from past experience in another case.

Therefore, this court holds that [Jones'] first claim lacks arguable merit because Attorney Landis informed [Jones] that his co-defendant waived her preliminary hearing, thus indicating [Jones'] right to do the same. Further because this was not [Jones] first experience with a preliminary hearing, this court finds that [Jones] had prior knowledge of his rights surrounding the preliminary hearing, and therefore his claim that Attorney Landis was ineffective for failing to inform him of his right to waive the preliminary hearing lacks arguable merit.

PCRA Court Opinion, 12/23/21, at 7-8 (excess capitalization and footnotes omitted).

At the PCRA hearing, although Attorney Landis testified that she could not recall Jones' preliminary hearing, she testified regarding her usual procedure with similar cases. *See* N.T., 9/21/21, at 28. Based on this testimony, the PCRA court also concluded that, even if Jones' claim had arguable merit, Attorney Landis had a reasonable basis to encourage Jones to have a preliminary hearing:

[Attorney Landis] testified that she would typically encourage her client to have a preliminary hearing, and thus likely did so while representing [Jones] in the current matter

at issue. Attorney Landis explained that specifically in domestic violence type cases, such as the one at issue here, she encourages having a preliminary hearing because often the victim will either not show up at all or appear at the preliminary hearing and recant previous statements regarding the incident. Additionally, Attorney Landis ordinarily advises her clients to have a preliminary hearing for the potential [to] "lock [a complainant] into a statement early on in the case and then hopefully try to impeach [the complainant] later on at trial." Here, the [Complainant] appeared and testified at the preliminary hearing, but because of her unanticipated death prior to trial, [she] was unable to be cross-examined at trial. The court acknowledges the unusual circumstances surrounding this case being that Attorney Landis could not have foreseen the [Complainant's] death subsequent to giving testimony at the preliminary hearing. Therefore, because Attorney Landis relied on her legal experience and acted in the best interests of [Jones], this court finds that a reasonable basis existed for Attorney Landis to encourage proceeding with a preliminary hearing.

PCRA Court Opinion, 12/23/21, at 8-9 (excess capitalization and footnotes omitted).

Finally, the PCRA court concluded that Attorney Landis' representation of Jones at the preliminary hearing did not cause him prejudice:

[Jones] was made overtly aware of is right to waive the preliminary hearing when Attorney Landis informed [him] prior to his preliminary hearing that [Stehler] had chosen to waive [her] preliminary hearing; however, [Jones] decided to move forward with the proceeding. Although Attorney Landis likely encouraged [Jones] to have his preliminary hearing, this court finds that she did so in good faith, not malicious intention to cause prejudice to [Jones]. Attorney Landis' advisement to have the preliminary hearing when [Jones] inferably knew his rights to waive the hearing was not the cause of any prejudice [Jones] may have experienced as a result of the [Complainant's] passing subsequent to the preliminary hearing. This court holds that Attorney Landis' actions did not cause [Jones] to suffer

- 10 -

> prejudice, but instead that the result of the proceedings may have been different due merely to the unfortunate death of the [Complainant], an unforeseeable consequence[,] which Attorney Landis did not cause. Therefore, this court holds that Attorney Landis was not ineffective in her representation of [Jones] during the preliminary hearing.

PCRA Court Opinion, 12/23/21, at 9-10 (excess capitalization and footnotes omitted).

Our review of the record supports the PCRA court's conclusions. When reviewing an ineffectiveness claim, this Court does not "employ a hindsight analysis in comparing [] counsel's actions with other efforts [she] may have taken." *Commonwealth v. King*, 195 A.3d 255, 264 (Pa. Super. 2018) (citation omitted). Jones ask us to do just that. In assessing Attorney Landis' effectiveness, we look to the stage of the proceeding when she represented Jones—not after Jones' jury trial at which he was represented by different counsel and convicted.

Jones' claims to the contrary are unavailing. Jones first challenges the PCRA court's inference that he knew he could waive his preliminary hearing because Attorney Landis had informed him that Stehler had done so, and his past appearance at a preliminary hearing. We conclude that this argument challenges the PCRA court's reasonable inference from Jones' PCRA hearing testimony, which, in essence, involved the PCRA court's assessment of his credibility. As the record supports the PCRA court's credibility determination, the determination is binding on this Court. *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

The same is true regarding Jones' related claim that Attorney Landis "made the decision to move forward with the preliminary hearing, unilaterally, without any input from" Jones. Jones' Brief at 25. Although Attorney Landis could not independently recall Jones' preliminary hearing, nothing in her testimony suggests that she alone made the decision to hold the proceeding. Jones' claim that Attorney Landis lacked a reasonable basis for failing to discuss and counsel him regarding the preliminary hearing fails for the same reason; the PCRA court Attorney Landis' credible and Jones not credible. *Spotz*, *supra.*

Finally, we reject Jones' disagreement with the PCRA court's conclusion that "if prejudice did occur, however, it was based upon the unforeseen death of the [Complainant], and not based on any conduct of" Attorney Landis. Jones' Brief at 27. Once again, this claim is based on Jones' self-serving preliminary hearing testimony that no discussion with Attorney Landis occurred. While Jones was prejudiced at trial because the Complainant could not appear for further cross-examination, this fact cannot be used to establish Attorney Landis' ineffectiveness at the time she represented him.

In sum, our review of the record supports the PCRA court's conclusion that Jones' claim of Attorney Landis' ineffectiveness fails. We therefore affirm the PCRA court's order denying him post-conviction relief.[3]

_____

[3] In his application for remand, Jones complains that PCRA counsel abandoned his second issue without first proceeding pursuant to ***Commonwealth v.***
*(Footnote Continued Next Page)*

- 12 -

Petition for remand denied.  Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/02/2022

---

***Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  This procedure was not required because PCRA counsel did not seek to withdraw, but rather, sought to narrow the issues believed to be meritorious.  ***Johnson***, ***supra***.