J-A23014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DESHAWN NELSON :
:
Appellant : No. 34 WDA 2025

Appeal from the PCRA Order Entered August 20, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013075-2012

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: November 4, 2025**

Deshawn Nelson appeals from the order entered in the Court of Common Pleas of Allegheny County denying his Post-Conviction Relief Act ("PCRA")[1] petition without a hearing. Nelson raises an ineffective assistance of counsel claim based on trial counsel's failure to object to the introduction of prior bad acts evidence. After careful review, we affirm.

We glean the following factual and procedural history from the certified record. On August 26, 2012, Nelson shot and killed Daimond Hill ("Victim") outside of Victim's home in Pittsburgh's Beltzhoover neighborhood. Victim's cause of death was determined to be a gunshot wound to the chest. One day

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

prior to Victim's murder, Nelson shot at Victim's mother's vehicle as she and Victim's brother were driving near their home.

On October 22, 2013, the Commonwealth filed notice of its intent to introduce evidence of Nelson's other crimes, wrongs, or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, pursuant to Rule 404(b) of the Pennsylvania Rules of Evidence. Specifically, the Commonwealth sought to introduce evidence of events that occurred in the days preceding Victim's murder relating "to the August 17[th] shooting of [Victim] that was witnessed by Aaron Camp, who positively identified [Nelson] as the shooter." Commonwealth's Memorandum of Law, 4/1/2014, at 4 (unpaginated).

Nelson was represented by Randall McKinney, Esquire at a seven-day jury trial which began on March 26, 2018.[2] Prior to *voir dire*, the Commonwealth reminded the court of its intent to introduce evidence of the August 17th shooting pursuant to Rule 404(b), and the following exchange ensued:

> Mr. McKinney:     The information that the government is seeking to elicit at trial was elicited at the last two trials. I have no objection.
>
> The Court:     All right. Well, my view is it's a new trial. If you want to object, you can object. But there being no objection, then that will come in. All right. Anything else?

---

[2] Two prior prosecutions of Nelson's case resulted in mistrials.

Mr. McKinney:    No, Your Honor.

N.T. Trial, 3/26/18, at 32 (unnecessary capitalization omitted). Consequently, the Commonwealth introduced Camp's testimony at trial. Camp, Victim's childhood friend, testified that on August 17, 2012, he and Victim were joyriding through Beltzhoover in Camp's vehicle and had pulled over to the side of Kingsboro Street to speak with friends. *See* N.T. Trial, 3/28/18, at 60-62. Camp testified that while they were stopped, Nelson fired multiple gunshots toward his vehicle and shot Victim in his hand. *See id.* at 62-64.

Based on the evidence presented at trial, the jury convicted Nelson of first-degree murder, attempted murder, aggravated assault, and recklessly endangering another person.[3] *See Commonwealth v. Nelson*, 255 A.3d 1272, 2021 WL 2073908, at *1-2 (Pa. Super. filed May 24, 2021) (unpublished memorandum). On June 28, 2018, Nelson was sentenced to an aggregate term of life imprisonment followed by 15 to 30 years' incarceration. Although Nelson did not file a post-sentence motion or direct appeal, his appellate rights were reinstated *nunc pro tunc*. *See* Trial Court Order, 7/18/19. On May 24, 2021, a panel of this Court affirmed Nelson's judgment of sentence. Nelson filed a petition for allowance of appeal with the Supreme Court, which was denied on December 21, 2021.

---

[3] 18 Pa.C.S.A. §§ 2502(a), 901(a), 2702(a)(1), and 2705, respectively.

On March 21, 2022, Nelson filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who subsequently filed an amended PCRA petition on February 28, 2024.[4] On May 29, 2024, the PCRA court issued notice of its intent to dismiss Nelson's petition pursuant to Pa.R.Crim.P. 907 upon determining that trial counsel did not render ineffective assistance for failing to object to the admission of Rule 404(b) evidence because any objections would have been overruled. On August 20, 2024, the PCRA court dismissed Nelson's petition, and Nelson timely filed a notice of appeal. Both Nelson and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Nelson presents the following issue for our review:

> [Whether the] PCRA court erred in denying relief because trial counsel was ineffective for failing to object to the admission of 404(b) evidence at trial, which prevented Nelson from having a fair trial and unnecessarily placed before the jury prior bad acts which cast Nelson in a negative light.

Appellant's Brief, at 4 (unnecessary capitalization omitted).

Nelson challenges the PCRA court's denial of his PCRA petition without holding an evidentiary hearing.

> Our scope of review is limited by the parameters of the PCRA. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and

_____

[4] We note that Nelson's amended petition and the Commonwealth's response to the petition were not included in the certified record. Although we were able to obtain these filings, we remind counsel that it is an appellant's duty to ensure the certified record contains all documents required for our review and that failure to fulfil this duty may "result[] in waiver of any claim for which a needed item is absent from the certified record." ***Commonwealth v. Midgley***, 289 A.3d 1111, 1120 (Pa. Super. 2023) (citations omitted).

whether it is free from legal error. Moreover, in general we may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm.

\* \* \*

[T]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. McCready*, 295 A.3d 292, 297-98 (Pa. Super. 2023)

(brackets and citations omitted).

Nelson avers he is entitled to PCRA relief because he "raised a meritorious ineffective assistance of counsel claim[.]" Appellant's Brief, at 13.

In order to qualify for relief under the PCRA, a petitioner must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2). These errors include, *inter alia*, a violation of the Pennsylvania or United States Constitutions, or instances of ineffectiveness of counsel that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." [42 Pa.C.S.A. § 9543(a)(2)(i), (ii)]. …

Additionally, to obtain relief under the PCRA based on a claim of ineffectiveness of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668[] (1984). In Pennsylvania, we have applied the *Strickland* test by requiring a petitioner to establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been

different. Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the **Strickland** test, the court may dismiss the claim on that basis.

**Commonwealth v. Housman**, 226 A.3d 1249, 1260-61 (Pa. 2020) (citations omitted).

First, Nelson claims that the issue of counsel's failure to object to evidence of the August 17th shooting has arguable merit because "Rule 404(b) is designed to prevent the inclusion of prior bad acts, when doing so serves no legitimate purpose." Appellant's Brief, at 19. Second, Nelson contends that counsel "had no reasonable basis not to object" to Camp's testimony "where the evidence's prejudicial value outweighed the probative value." **Id.** Finally, Nelson maintains he was prejudiced by counsel's failure to object because Camp's testimony "demonstrated premeditation, leading the jury to believe Nelson shot and killed [ V]ictim." **Id.** at 20. We disagree.[5]

Nelson fails to satisfy the first prong of the ineffective assistance analysis because he has not demonstrated that his underlying claim has arguable merit. Our Rules of Evidence prohibit the Commonwealth from

_____

[5] We note that the entirety of the ineffectiveness analysis advanced in Nelson's brief is limited to one paragraph, which provides little more than a single conclusory sentence to substantiate each prong. **See** Appellant's Brief, at 19-20. While we could arguably find waiver of Nelson's ineffectiveness claim for lack of development, **see** Pa.R.A.P. 2119(a), we decline to do so because we are able to discern the crux of his argument and will review his claim to the best of our ability given the deficiencies in his brief. **See In re C.A.J.**, 319 A.3d 564, 570 (Pa. Super. 2024) (declining to waive deficient claim where Court "could parse out [appellant]'s arguments and review them").

introducing "[e]vidence of any other crime, wrong, or act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, such evidence may be admissible if offered "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident[,]" so long as "the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2).

> Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact. All relevant evidence is admissible, except as otherwise provided by law. Pa.R.E. 402.
>
> Evidence will not be excluded merely because it is harmful to a defendant's case. The trial court is not required to sanitize the trial to eliminate all unpleasant facts where those facts are relevant to the issues at hand.
>
> Mere similarities between a defendant's prior bad acts and the crimes for which he is being tried will not qualify for a Rule 404(b)(2) exception. Rather, to qualify for an exception to Rule 404(b)(1)'s general prohibition, the prior bad acts must have a close factual nexus sufficient to demonstrate their connective relevance to the crime in question.

*Commonwealth v. Akhmedov*, 216 A.3d 307, 316 (Pa. Super. 2019) (*en banc*) (quotation marks, case citations, brackets, and ellipses omitted); *see Commonwealth v. Bidwell*, 195 A.3d 610, 626 (Pa. Super. 2018) (to establish motive based on prior bad acts, "there must be a firm basis for concluding that the crime currently on trial grew out of or was in any way

caused by the prior set of facts and circumstances") (internal quotation marks and citation omitted).

Nelson avers that evidence of the August 17th shooting, during which he was alleged to have shot Victim in the hand, was inadmissible under Rule 404(b) because it "tended to show that he had a propensity for carrying a gun and shooting." Appellant's Brief, at 17. Nelson further contends that by introducing this evidence, the Commonwealth "prejudiced and inflamed the jury" and intended for the jury to conclude that Nelson acted in accordance with that character trait by "carrying a gun and shooting the following week" on August 25th, when Victim's mother's car was shot at, and on Augusth 26th, when Victim was shot and killed. *Id.* at 17, 18.

> The PCRA court addressed Nelson's argument as follows:
>
> Based on this court's review of the record, the challenged evidence was admissible at trial and had trial counsel objected to its admission, the objection would have been overruled. While the challenged evidence could be considered prior bad acts committed by [Nelson], the evidence was relevant to prove the identity of the shooter in this case and the fact that [Nelson] had a plan or common scheme to shoot [V]ictim because there was a nexus between the prior acts of [Nelson's] shooting directly at [V]ictim or at a vehicle which [V]ictim could have occupied. This evidence was also relevant evidence that [Nelson] intended to shoot [V]ictim on multiple occasions. The evidence was admissible under Rule 404(b) of the Pennsylvania Rules of Evidence. Any objection to the admission of the evidence would have been overruled and trial counsel cannot be deemed ineffective for failing to lodge a meritless objection.

Trial Court Opinion, 1/23/25, at 8. We agree that evidence of the August 17th shooting was admissible under Rule 404(b).

Therefore, Nelson's ineffectiveness claim, which summarily concludes that Camp's testimony was inadmissible under Rule 404(b), lacks merit and was properly dismissed by the PCRA court. To sustain a conviction for first-degree murder pursuant to 18 Pa.C.S.A. § 2502(a), the Commonwealth was required to prove, beyond a reasonable doubt, that: "(1) a human being was unlawfully killed; (2) the defendant, in fact, did the killing; (3) the defendant acted with a specific intent to kill; and (4) the killing was done with premeditation and deliberation." **Commonwealth v. Rodriguez**, 340 A.3d 334, 348 (Pa. Super. 2025) (citations omitted). Contrary to Nelson's contentions, the introduction of Camp's testimony concerning the August 17th shooting served a legitimate purpose, namely demonstrating Nelson's motive and specific intent to kill Victim on August 26th. **See** Pa.R.E. 404(b)(2). There was a close factual nexus between the two shootings, which involved the same target and occurred within days of each other in the same neighborhood. Nelson utterly fails to explain how the testimony's probative value is outweighed by its potential for unfair prejudice, and we cannot act as counsel and develop any such argument on his behalf. **See Commonwealth v. Montalvo-Rivera**, 341 A.3d 159, 173 (Pa. Super 2025) (observing, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant") (citations omitted). Accordingly, we discern no error by the PCRA court in determining that Nelson's underlying claim lacks arguable merit, and

that "trial counsel cannot be deemed ineffective for failing to lodge a meritless objection." Trial Court Opinion, 1/23/25, at 8.

While the failure to plead and prove even one prong of the ineffectiveness test supports a PCRA court's dismissal of the claim, *see Housman*, 226 A.3d at 1260-61, we note Nelson's ineffective assistance claim also fails to satisfy the reasonable basis prong, which requires him to prove that trial counsel lacked a reasonable basis for failing to object to Camp's testimony at trial. "Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1044 (Pa. Super. 2019) (brackets and citation omitted). As our Supreme Court has explained,

> even when an appellate court, reviewing a cold trial record, cannot prognosticate a reasonable basis for a particular course of trial strategy, it does not necessarily prove that an objectively reasonable basis was lacking. We simply cannot employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

*Commonwealth v. Durrett King*, 195 A.3d 255, 264 (Pa. Super. 2018) (citation and quotation marks omitted). Moreover, "[a]s a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." *Commonwealth v. Savage*, 335

A.3d 345, 2025 WL 560924, at *5 (Pa. Super. filed Feb. 20, 2025) (unpublished memorandum).[6]

Here, Nelson apparently did not intend to call trial counsel as a witness at a PCRA hearing to testify to any trial strategy or reasonable basis for counsel's choices because Nelson's PCRA petition did not include "a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony" or "any documents material to that witness's testimony." 42 Pa.C.S.A. § 9545(d)(1)(i). Rather, Nelson baldly asserts that trial counsel lacked a reasonable basis for failing to object to Camp's testimony without having provided counsel any opportunity to explain his trial strategy. Essentially, Nelson impermissibly asks this Court to render a "hindsight analysis in comparing trial counsel's actions," while offering merely a "bald assertion[] of no reasonable basis." *Sandusky*, 203 A.3d at 1044; *Durrett King*, 195 A.3d at 264. Accordingly, Nelson failed to plead and prove the reasonable basis prong of the ineffectiveness test.

Finally, Nelson's ineffective assistance claim fails to satisfy the prejudice prong. "A defendant raising a claim of ineffective assistance of counsel is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." *Commonwealth v. Becker*, 192 A.3d 106, 123

_____

[6] This Court may cite unpublished decisions filed after May 1, 2019 for their persuasive value. Pa.R.A.P. 126(b).

(Pa. Super. 2018) (brackets, internal quotation marks, and citations omitted); *see McCready*, 295 A.3d at 299 (to satisfy the prejudice prong, a petitioner "must demonstrate that, but for counsel's error, the outcome of the proceeding would have been different") (citation omitted).

Nelson fails to plead or prove that he was actually prejudiced by trial counsel's failure to object to Camp's testimony. Instead, Nelson baldly asserts that the evidence's prejudicial effect was "clear" because it led the jury to believe that he shot and killed Victim, Appellant's Brief, at 20, and fails to demonstrate a reasonable probability that the outcome of his trial would have been different but for counsel's omission. *See Sandusky*, 203 A.3d at 1044. In doing so, Nelson ignores the overwhelming testimonial and physical evidence the Commonwealth presented to the jury to sustain his convictions. Moreover, any prejudice that resulted from counsel's failure to object to Camp's testimony was mitigated by the comprehensive limited purpose instruction the court provided to the jury during its final charge:

> I want to mention the testimony of [] Camp concerning the shooting which [] he said occurred on August 17, 2012. That evidence was offered for a specific purpose. And that issue goes to the issue of [Nelson's] intent or motive concerning [] the actions he is alleged to have committed on August 25 and August 26, 2012. You may consider [Camp's testimony] for the sole purpose of considering [Nelson's] intent or motive for actions he allegedly took on August 25[th] or 26[th]. You may not consider the evidence for any other purpose. To put it bluntly, if you find [Nelson] did shoot at [Victim] and/or [] Camp on August 17[th], you may not conclude that he must have done the [August 25th and August 26th shootings] based [solely] on the fact that you think he did the August 17[th] shooting. You may not use that evidence for that purpose. If you find that [Nelson] did commit

the shootings on August 25[th] and/or 26[th], then you may use the evidence of August 17[th] if you believe [Nelson] did that to help you determine whether the Commonwealth has proven a specific state of mind or intent as to the August 25[th] or August 26[th] events.

N.T. Trial, 4/2/18, at 27; *see Becker*, 192 A.3d at 122 n.13 (where evidence of a defendant's prior bad acts is admitted, "a defendant is entitled to a jury instruction that the evidence is admissible only for a limited purpose") (citation omitted). Therefore, Nelson has failed to plead and prove the final prong of the ineffectiveness test.

For the foregoing reasons, Nelson's ineffective assistance of trial counsel claim fails. Because Nelson's ineffectiveness claim is meritless and there are no genuine issues of material fact, we discern no error by the PCRA court in denying his petition without conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/4/2025